### PERLEY v. BROWN & a.

If a plaintiff in equity allege that the defendant removed certain goods without the consent of the plaintiff, and it appear that he removed them by reason of having, at the plaintiff's request, given his receipt for them to an officer who has attached them, the allegation is disproved.

A bailee of goods attached, while he remains liable to the officer on his receipt, is not liable to the general owner.

IN CHANCERY. The complainant, and the defendant, William Brown, on the 25th day of September, 1839, entered into articles of copartnership in the business of the manufacture of sash, blinds, doors, &c., for the term of seven years from the first of the ensuing January, determinable at the election of either party, if the business should be unprofitable at the end of two years. The plaintiff agreed to furnish a certain building, properly fitted up with gear, including drums, at a rent of $100; to

furnish at the market price all the timber which might be required; to attend to the sale of the manufactured articles and making contracts abroad, but not to exclude Brown from doing the same.

Brown was to furnish tenoning, morticing, sash and planing-machines, circular saws, moulding-machine, and a machine for ploughing doors, and other needful machines, charging at the rate of not over 12 per cent. a year for their use.

The articles further provided for the common ownership of the property manufactured, a community of profit and loss, keeping of accounts, &c.

The bill then stated that the preliminary arrangements provided in the articles were completed, and the parties commenced business, and prosecuted it till the 30th of April, 1840, when Brown wholly abandoned the business, the firm having then on hand doors, sashes, and other things, finished or in the progress of manufacture:

That on the same day, the other defendant, Lorenzo D. Brown, with the aid of William, but wholly without the consent of the plaintiff, took and carried away all the machinery that had been used in the shop, together with all the articles in the process of manufacture, and removed the same to Concord, and there withheld them from the plaintiff, and refuses, upon his demand, to re-deliver the same, or to render an account of them, or of such part thereof as belonged to the copartnership:

That the plaintiff has been obliged to pay large sums of money on account of the copartnership, which have not been reimbursed to him, and that he has not been repaid for the stock which he furnished, and that the defendants had notice, and were requested to deliver the property for the plaintiff to apply to his indemnity.

The bill prays that the defendants may be required to deliver the property described, or to account for the same, and for general relief.

The defendants answered severally, to the effect that while the firm were proceeding in business, and were in the course of manufacturing a large number of doors for Goodwin and another, the plaintiff caused actions to be commenced against the firm, and other actions were at the same time commenced, upon which the property of the firm, and likewise the property of the partner, William Brown, was attached, and the business of the firm was stopped by that event on the 13th of April, 1840 :

That with the assent of the plaintiff, Lorenzo D. paid two of the debts on which the property of William was attached, and took from William a mortgage of his property to secure a debt of $400, due and owing to him :

That the principal part of the stock on hand at this time was that which was in manufacture to fulfil the contract with Goodwin, and the plaintiff requested Lorenzo D. to give his receipt for the same to the officer who made the attachment, which was done :

That with the assent of this plaintiff, Lorenzo D., on the 14th of April, paid a debt due from the firm to one Skinner, with costs of a suit that had been brought thereon :

That he removed the stock of the firm to Concord, and completed the manufacture of it in the execution of the contract with Goodwin, to whom the articles were delivered :

That upon the recovery of a judgment in one of the suits which were brought against the firm, an action was brought by the officer upon the receipt that had been given, and a judgment rendered against the defendant, Lorenzo D., for $77.48, and costs, which he paid :

Admits that the plaintiff has paid some small claims against the firm, but to what amount the party answering does not know.

The answer of William Brown sets up, as a defence, his discharge and certificate under the United States bankrupt law.

Proof was taken, and it appeared that suits, as stated in the answers, had been commenced, and that the property of the firm and property of William Brown was attached and bailed by the officer to the defendant, Lorenzo D. Brown; that the whole was removed by him to Concord; that a part of the stock attached was manufactured and delivered to Goodwin upon the contract, who paid the value to Lorenzo D. Brown. It also appeared that he paid some of the debts, at the request of the plaintiff, as stated, and that the officer recovered a judgment against him upon one of the receipts, but whether upon a receipt given for the partnership property, or on one given for the private property of William B., did not distinctly appear.

*Lyford*, for the plaintiff. The evidence shows that the property of the firm, to the value of $185, was received by Lorenzo D. Brown. He is accountable for that property, as stated in the receipt that he gave Smith, the deputy sheriff, for it. He made some bargain to deliver the property to Goodwin, but it does not appear what the bargain was.

The judgment which Smith recovered against Lorenzo D. Brown, and which the latter paid, was upon the receipt which he gave for the separate property of William Brown. The sheriff pursued this, and not the partnership property for the satisfaction of the judgment which was obtained against the firm. L. D. Brown has never accounted for the partnership property for which the bill is brought.

*Perley*, for the defendants. The bill states no ground for equity jurisdiction. It is not a bill to liquidate partnership affairs. There is no fraudulent combination between the defendants. There was no refusal of William Brown to join in a suit for the protection of the rights of the firm. No fraud is alleged. The bill simply alleges

that one of the defendants withholds from one partner the property of the firm. What decree can he have?

There is no ground of an action at law, even. The valuation in the receipt is final, and the receipter has accounted for this to the officer. If he has not done so, he is liable to do it. *Bissell* v. *Huntington*, 2 N. H. Rep. 142.

GILCHRIST, J. The case made by the plaintiff is, that he himself and the defendant, William Brown, were prosecuting in copartnership the business of manufacturing doors, blinds, sashes, and other things, and had in their possession a quantity of stock, which was in the process of manufacture; that on the 13th of April, 1840, the defendant named abandoned the business, and that immediately afterward the other defendant, Lorenzo D. Brown, with the aid of William, without the plaintiff's consent, removed the stock from the shop to Concord; that he retained and refused to deliver it to the plaintiff, or to account for it. The bill further states that the plaintiff has paid some of the debts of the firm, and is entitled to the possession of the property for his remuneration and indemnity.

But it appears in evidence that the possession which Lorenzo D. Brown took of the property was in consequence of a receipt for it, which he had given to an officer who had attached it to satisfy claims against the firm, and that this bailment was assumed by him, at the request of the plaintiff himself. The defendant had, therefore, a right to remove the goods, and to retain them for the purposes required by the receipt which had been given for them. The plaintiff's case is, therefore, disproved, and if there were no other impediment, he could not prevail, since he can do so only *secundum allegata et probata*. And if the case had been stated as it has been proved, an answer would have been, that the defendant, Lorenzo D., having become accountable to the officer by a legal con-

tract assented to by the plaintiff, another party cannot call him to account, at least without first showing that the purposes for which the bailment was assumed have been fully satisfied, and that the party suing is the one entitled to the goods next in succession, either as the general owner, or as having a right to the possession on other sufficient grounds.

It does not appear that the officer has not a claim upon the goods receipted for, to satisfy the demands on which they were attached.

Supposing these demands to have been satisfied, and that the general owner of the goods would be entitled to demand them of the receipter directly, the plaintiff is not such general owner, nor does he state or prove any collusion between his partner and the other defendant, such as to justify the bringing of this suit upon the ground of fraud.

Aside, therefore, from several questions which have been made upon the evidence and otherwise, it is apparent that the plaintiff makes no case by his bill, nor does the evidence furnish one.

*Bill dismissed.*